Braxton and uh Mr. Ford whenever you're ready we'll hear from you. May it please the court, Christopher Ford for Jerome Gordon. When a criminal defendant is completely denied access to counsel at a critical stage of his proceedings, the Supreme Court has held that the adversarial process itself is presumptively unreliable. Jerome Gordon was completely deprived of access to counsel at a critical stage of his criminal proceeding when he requested an appeal from trial from trial counsel and counsel failed to file a notice of appeal on his behalf. Even if this court however accepts the state habeas court's conclusion that Mr. Gordon did not directly request an appeal, there is ample evidence in the record for this court to conclude that Mr. Gordon, excuse me, that Mr. Gordon's counsel was under a constitutional obligation to consult with Mr. Gordon regarding an appeal. Counsel failed to do so and Mr. Gordon suffered prejudice when he was denied the appeal he otherwise would have taken. Well that's really two issues. One is I suppose if we're going to parse it a little bit more particularly, the first question is did the state court, was the state court's factual finding that he didn't request that an appeal be taken, was that unreasonable based on the record? The second question is a little different, did he fail to consult? And the question then there is whether that was procedurally defaulted, whether he ever raised that issue in the state system. His position I thought on the record was uniformly I requested an appeal and he didn't take it. And if he requested an appeal and he didn't take it, I'm not sure the consult is even necessary because he had already determined to appeal according to him. But on the, just stick with the failure to request an appeal, I mean a failed appeal pursuant to his request addressed why the state court was unreasonable. It had his affidavits, they had the attorney's affidavits, they made findings of fact and why we get to review that as a federal court. Certainly, Your Honor. And I think if I could, let's take a step back. The issue is not necessarily whether the state court's factual conclusion was an unreasonable one under 2254 D2. The question is what standard of review the district court should have applied to the state court's conclusions? I think under Winston 1 and Winston 2, the answer is unquestionably a de novo review of the court's judgment. That's because the critical question as this court explained in the Winston line is whether or not the determination of the state habeas court was adjudicated on the merits. And that term on the merits is I think a term of art that Congress used in drafting Section 2254. And again, as the Winston court explained, on the merits really requires basically two separate, for this court to determine that the state court's adjudication was not one on the merits. I think there are two components to that. The first is whether the state court's determination was one made on a substantially incomplete record and also not the fault of my client, Mr. Gordon. I think both of those elements are satisfied in this case. The state court's conclusion was made on a substantially incomplete record because the state unreasonably denied Mr. Gordon the opportunity to develop the evidentiary basis for his direct request claim. Mr. Gordon repeatedly asked for an evidentiary hearing in the state court and sought to adduce evidence that he asked his trial counsel for an appeal. The state court summarily denied his request for an evidentiary hearing and as a result, the district court should have applied an over-review to the state court's judgment. What more would the state court have achieved other than Mr. Gordon's affidavit which laid out the facts and the attorney's position which laid out his facts? In other words, it basically comes down to the state court didn't find them incongruous because Mr. Gordon's statements really didn't explicitly say I requested that he take an appeal and I think the state court made a construction of that in view of what the attorney explained also and I think the state court accepted both positions, didn't it? Your Honor, the state court cabined its review only to the documents that Mr. Gordon and counsel styled as affidavits. Mr. Gordon, of course, was proceeding pro se. I think it was error under the Virginia law for the court not to consider the allegations that Mr. Gordon made in his habeas petition. This is important because that gets to the evidence that Mr. Gordon would have adduced had he been given the opportunity to get discovery and an evidentiary hearing, but that's not the only evidence that Mr. Gordon could have adduced. Trial counsel's affidavit is full of examples of documents in his possession, counsel's possession, that would have been adduced in discovery that Mr. Gordon could have examined and would have bolstered his claim that he requested counsel file an appeal. If your client, Mr. Ford, had included that the statement that admittedly appears in his pleading as opposed to the affidavit that I wrote to my lawyer asking for an appeal, he had included that in the affidavit, would you still be arguing that there was a need for an evidentiary hearing? I think that would all depend on how the state court resolved that issue and the fact is we don't know. Mr. Gordon is unschooled in law and he styled the document affidavit that I think had he known doing so would doom his direct request issue. I doubt very much that he would have called certain things affidavits and certain things pleadings. Well, I guess, you know, all and I get your point that it depends on the state of the other, what other information might be in the record, but if all we have is a client saying I asked for an appeal and a lawyer saying no, he didn't based on written affidavits, is that enough for district court to resolve on the papers? No, it's not your honor. I mean, that is fundamentally a credibility determination when you have a client saying and averring in his habeas petition that I asked my attorney for an appeal and on the other side, the attorney saying no, he did not. That is bare bones credibility determination that can't be resolved on the papers. I think it was fundamentally unfair for Mr. Gordon. But that would not be an adjudication on the merits is what you're saying. That's right, your honor. And I think under that standard, under the Winston line of cases, the district court should have reviewed this claim de novo. The court failed to do so and respectfully, this court should remain with directions to conduct an evidentiary hearing and grant Mr. Gordon discovery on his direct appeal request or direct request issue. The Commonwealth concedes this is a material issue and that if Mr. Gordon that the facts that he alleged are correct, he's entitled to a delayed appeal. I think that the district court's review of this case under 2254 D was therefore improper. It's an interesting case from the perspective of a client who at least someone who brings up as many times that he asked for the appeal. The lawyer then goes before the state bar and he issues two letters. In fact, there are 13 letters out there. I don't know what the other 13 shows, but there's a lot of here consistently indicating there is at least the Supreme Court in the Flores case said this duty to consult on the appeal is there. And I'm not sure the district court or the state court ever properly addressed that. I mean, he was pro se. I understand that, but I've been going through this record. I can't find where they really, really dealt with that duty. Your Honor, they did not. I think that's... He never raised it. Yes, Your Honor, it was. He was pro se, wasn't he? He is pro se and it was raised in the state court. Certainly the state courts were alerted to this issue under the... I looked at all his papers and every one of them was failure to appeal when requested to do so. What Mr. Gordon described, Judge Niemeyer, was a denial of right of an appeal. And under the Roe case, that unquestionably encompasses both the direct appellate request and the duty to consult. These really are two species of the same ineffective assistance of counsel claim. But if they consulted, he would then decide to appeal. And he already by saying he did request an appeal, it seems to me the other ground, in his mind, it was never a question of whether I should consult. It was a question of whether the appeal is taken. But I thought uniformly in the state, he basically said he failed to take an appeal when requested to do so. Those were the factual allegations underpinning Mr. Gordon's initial direct appeal request. But he also described an encounter directly after his sentencing with his attorney. Wherein, Mr. Gordon asked, is there anything else that we can do about my sentence? And that's what appeared in his affidavit. Right. And that's what the state court dealt with. That's correct, Your Honor. Rejecting the claim. And the state court fundamentally failed to address this under the duty to consult issue, which this court in the appraiser against South Carolina said was not only improper or erroneous. Well, as I understand it, the state court used that affidavit to say he never directly asked his lawyer for an appeal. And that was the basis for rejecting the no appeal request. That's right. As Judge Wynn pointed out, the state court and the district court never addressed whether, in fact, that affidavit made out a claim of consultation. Well, the fact that the courts never addressed the consultation issue does not mean the claim was not exhausted. The standard for exhaustion is whether the issue was fairly presented to those state courts. They never addressed it. Correct. And I think that was error, obviously. Mr. Gordon fairly presented that issue as this court in Jones described fair presentment. Well, what about the fact that he never really cited chapter and verse? He never pointed to the case. Right. Well, as this court explained in Jones, you don't have to cite chapter and verse of the federal constitution in order to present a claim to a court. You simply have to explain and describe the operative facts and the underlying legal principles that support your claim. In this Mr. Gordon described the facts of his encounter with trial counsel immediately after he was sentenced and cited the underlying legal principles in his repeated citations to Roe against Flores or Tega. And again, in Fraser, this court found it sufficient that the petitioner in the state PCR court cited to Strickland and described his encounter with his attorney without actually using the term duty to consult. Not only was it sufficient for the court to find the state court's adjudication erroneous, but the court found it unreasonable as a matter of the ADPA. I mean, in his papers in the state court, he says he contends that the court erred by dismissing his habeas corpus petition because he directed his trial counsel to file an appeal and the attorney failed to do so. He says that underneath the heading denial of right of an appeal. That's right. And I think as a pro se petitioner, unschooled in law, it was the state court as well as the federal district court's obligation to liberally construe Mr. Gordon's pleadings and to recognize the type of claim that he was raising. One of the terms this court uses in Jones is whether or not it's a fact pattern that is subject that state courts consider appropriate for resolution under the issue that the petitioner seeks to present. We know from Miles versus Sheriff, the Supreme Court of Virginia does believe the fact pattern of presenting an interest in appealing as Mr. Gordon did to his trial counsel immediately after sentencing, appropriate for resolution under the duty to consult analysis. I think Judge Niemeyer's point is these issues may be inconsistent as a matter of law because if you ask your lawyer for an appeal, then what's the point of consultation? That ends the matter. The lawyer has to appeal. Well, that is if you accept Mr. Gordon's factual contention. And these are arguments in the alternative. Well, that's his contention. Why shouldn't we accept it? Well, these are arguments in the alternative. And ultimately, if you get to the second issue, it's because either this court or the district court has made a decision that Mr. Gordon did not directly ask for an appeal. And that's the logical order that the Supreme Court addresses these issues in. It looks first to the question of whether or not there was a direct request. And in the absence of a direct request, the next question- What did the state court decide on this issue? I'm sorry? What did the state court decide? What was the language it used in rejecting this claim? The state court concluded that the affidavits presented by Mr. Gordon and his trial counsel were not inconsistent with one another and that he did not directly request an appeal. The court never addressed what the issue that our position is it should have addressed, the subsidiary issue. So the state court didn't get it either. The state court, I mean, he said, I requested an appeal and my lawyer didn't take it. And the state court concluded he did not request an appeal and his lawyer take it. I mean, we're a federal court overlooking a state system. And he raised an issue. And then the state court decided the issue and announced what it was deciding. And there's no evidence that he was requesting some other right other than the one he asserted he was raising. Respectfully, Judge Niemeyer, I don't agree with Your Honor's interpretation of the record. Mr. Gordon repeatedly asserted that he was denied his right to an appeal. This phrase encompasses, as we know from Roe versus Flores-Ortega, both the direct request and the duty to consult. He maintains as an evidentiary matter that he did ask for an appeal. But, of course, trial counsel- How does it advance the ball if he says he requested an appeal? How does it advance the ball to say, incidentally, I didn't have a right to consult? He didn't consult me. I mean, if he had a letter that he sent to him and said, Mr. Lawyer, please take an appeal, timely appeal for me. And the lawyer fails to do so. They never discussed it. That was the letter. Is there a breach or failure to consult in that case? In this case, there would be- No, in the hypothetical. No, in that hypothetical, Your Honor, no, there would not be a- I guess it would depend on the facts found by the court. If the court says- If the court said the client sent a letter to the attorney saying, please take an appeal, and the attorney failed to do so. And so the question is, in that hypothetical, does it make any sense to say the guy was denied his right of consultation? If the only interaction between, again, assuming all the other facts of this case, perhaps not- Not this case, not hypothetical. Well, I guess it would depend on other facts. Did the client immediately after sentencing express some discontent with his sentence as the court found was sufficient in Fraser? Under that vacuum, it's really impossible to tell whether or not there would be a duty to consult because the court has concluded there was no interaction between counsel and client, which, of course, is sort of unbelievable. Well, I mean, you can concede that point and just point to the record here, which is completely different. That's exactly right, Judge Diaz. The record here is different. The conversation that Mr. Gordon had with his attorney immediately after sentencing should have triggered counsel's duty to consult. Counsel failed to do so, and Mr. Gordon was prejudiced by that failure. Okay. Thank you, Mr. Ford. Mr. Jeffrey. Good morning, Your Honor. May it please the court, Donald Jeffrey from the Attorney General's Office, on behalf of the respondent warden in this case. I do think it is important to remember a few things where we have parallel rules in both the state and federal system because much has been made of the state court placing undue emphasis on this sworn affidavit, which was the only sworn verified thing presented in state court as to the facts. And I think there are two things. Both, just as does the federal system, we require these pleadings to be verified. That's the first point. But in response to the suggestion that we were hyper-technical with that, I would also point out that just as does the federal system, we require fact-based pleading. Notice pleading is not enough. So specifically, when perhaps... What specific words are you saying he was supposed to use in that pleading to get this across? I mean, it's undisputed after sentencing, he asked, is there anything more can be done? He's got 13 letters out there. Counsel puts forth two at a bar hearing. And he's constantly saying what can be done. And then he brings up the appeal business in the midst of it. I mean, if the focus here is whether the Flores-Ortega duty to consult has been met or... It just seems to me that's implicated here in a pro se defendant. I mean, what does he need to say? Well, our position consists of some of the questions that Judge Niemeyer was asking was that the only issue presented in state court was that this was an express request. He said that he... That's because they didn't consider it. Correct. I mean, the state court didn't consider it, the district court didn't consider it. But it's right there in front of you. It's right there in front of you. The guy says, what can be done? He's going all over the place. And he's trying to figure out what can be done. What can... And the counsel on the other side, when you look at his actions, he's doing nothing. He's avoiding every... He's even avoiding... He's trying not to do anything. And he does nothing. There's nothing in there to say he met that duty to consult. And yet, you're saying without those magic words, we should just ignore that. The duty... First of all, Your Honor, in fairness and to be candid, you're absolutely correct. That issue was not addressed in state court, nor was it addressed by the district court. And I don't think it was... The district court wasn't squarely apprised. Isn't that what this is about then? At least from my perspective, it would seem to me if someone were to ask what can be done, at some point in time, somebody ought to tell him what can be done. And there's nothing here to indicate that duty was met. His contention in state court in the initial pleading was that he asked, and I think it even later said instructed that the pleadings are in the record. But heightening this issue with respect to what exactly was presented to state court are the assignments of error in the Virginia Supreme Court. The first one, which I cited in my brief, trial counsel's failure to file an appeal when instructed to do so. The second one, which I didn't talk about, I think is particularly telling, because he claims that the circuit court erred in declining to resolve the factual dispute concerning whether Gordon unequivocally instructed his attorney to file a timely notice of appeal. The only issue that was presented in the state's highest court here was the express instruction issue. And as I pointed out in my brief, Your Honor, the Virginia Supreme Court has noted that when the respondents cited these duty to consult cases in defense in miles, the court said essentially we're recognizing these as discrete claims. So I don't think, particularly in light of its own precedent, that the Supreme Court of Virginia particularly was ever alerted to the fact that this gentleman was raising a duty to consult claim. And that's part of the comedy issue. And we had some exchange in the briefs about whether you can go beyond the assignments of error into the argument section. But I would suggest to you if you read the argument section of that petition on pages 15 and 16, you're seeing words, again, like instructed. And I quoted them verbatim in the brief. So I'm not going to pull that up now and point those out to you. But suffice it to say that I'm only paraphrasing at this point. I do agree, as I noted in brief, that there have been cases. Yates, of course, talks about the fact that the assignments are the big deal here. And I cited you some civil cases where litigants had gone beyond the scope of their assignments. And the Supreme Court said you can't do that. But in Jones, I would point out that that's a double jeopardy issue, excuse me, that has been historically treated as a sufficiency issue in Virginia. So there was a compelling reason for this court to say that couching it as sufficiency in an assignment was adequate. You don't have that here. What you have here is Miles. And what you have are his assignments, which specifically talk about unequivocal request. And then the argument section doesn't do anything to disabuse you of that. So that's the only thing that was ever presented in state court. You take this to federal court. And again, for the reasons I pointed out in my brief, it was inadequate to alert the district judge that there was something else on the table. And that the state court had made unreasonable determinations of fact, law, whatever. The district judge was never apprised of that squarely. So I think you've got a significant federal default issue here on top of the state one. But of course, the comedy issues, as this court talked about in Mallory, are very substantial when you talk about having to ferret out what's actually there. This gentleman. Well, I guess this all comes down to if there is a determination that the duty, that the defendant made a claim on a duty consult or that one was fairly put to the court, then I take it that if that's the case, then you'd have to accept that was not addressed. If that's the case. But you don't maintain that's the case. But if that is the case, that he made this claim, it was never addressed. You're talking about by the courts? Yes, it was never addressed by the court, state court or district court. Oh, yes, sir. That's absolutely correct. So if in fact there's something here that was support that he made this claim, it was not addressed. Your contention is that he didn't make the claim. Correct. It was not addressed state or district. Because he didn't say what? Because his contention was that he instructed his attorney to appeal. And again, I'm not using his exact words from the pleading. When he was given an opportunity to present the verbiage that he used, the state court reasonably determined that that was not an express unequivocal request, which is required. Just asking is very conclusory, saying that you asked. And again, the rules require fact-based pleading, which he followed up after counsel provided his affidavit and said, this is how I expressly requested it. And if you look at that, the tenor is possible appeal, anything we can do about my sentence. I don't think, actually, I think in the affidavit. Possible appeal, anything we can do about my sentence suggests that he wants the lawyer to consult with him. Why isn't that enough to alert the state court? Because, I'm sorry. Let me get the exact wording. Make sure I get it right. Again, he said, I think in the initial pleadings, Your Honor, before the affidavit. Well, okay, that's not the affidavit. It says possible appeal or what I can do from this point about the conviction and or sentence I just received. But he said. Let's stop there. Why isn't that enough? I mean, he's presenting a fact pattern. He's not, he's pro se, so he's not citing the controlling legal principles. But he's saying there that he wanted to talk with his lawyer. Except that isn't what his claim was. His pleading, his habeas pleading was counsel fails to file an appeal for defendant when asked to do so. That's the request to amend, I think, Your Honor, that you're citing too. Well, that's right. He added that to his other. He didn't even make the appeal claim in his initial habeas. That's correct, Your Honor. And he added that claim. And then, and I'm sorry, I'm trying to, that was filed. That was on page 71. And what he said. 71 is what I'm looking at. 71 of the joint appendix. Failed to file an appeal for defendant when asked, I'm adding the ED to do so. And he asked for an evidentiary hearing at that point. We filed a responsive pleading to that where the attorney said he didn't instruct me to do so. He files a counter affidavit and essentially says, yes, I did. And here's what I did. I didn't instruct him to do so. He said he hadn't been retained. The lawyer says, I'm not retained. I'm not doing anything. The client is constantly asking, is there anything I can do? And then part of the reason he's not able to articulate what he wants in terms of an appeal is because he hasn't been told what he can do. And if there's a duty to consult, then something needs to be in this record indicating that duty was met. If there's in fact a duty. If you're going to hold it strictly to pleadings and he's got to say these magic words, I don't know how it gets more. I mean, fundamentally what we're talking about is basically hearing an appeal. We're not talking about letting him out of jail. We're not talking about doing anything. We're talking about fairness. And here's a guy who amped his sentence. First thing he says is anything can be done. And there's nothing in a record. Anybody even told him anything can be done. And I suppose once you go in jail, you hear appeals and everything coming all over the place. I don't know who told him that. I don't know how it comes. It doesn't matter. But the essence of it is there's nothing in here to indicate he's been given any indication that he can do something. He's asking all the while, can I do something? What can I do? He's got other people he's asking, what can I do? He writes a bunch of letters. Nothing happened. Well, he says, I'm not retained. I guess essentially he just did. If he's not retained, he wouldn't have answered anything about an appeal. He wouldn't, because he had no duty to appeal. He says, from his perspective, I'm not retained. I don't even talk to you. And he said that he asked for it. And I think particularly, Judge Wynn, again, pointing you to what was argued in the Supreme Court of Virginia, which had the precedent of Miles, it was very clear. And at this point, he's citing Miles, at least. I think he may have cited Roe as well. His assignments of error in the Supreme Court of Virginia, the state's highest court, is what is relevant for purposes of exhaustion in federal court. He doesn't know what to do when he goes up on these things. I mean, he hasn't been consulted. He hasn't had anything go on. He uses the term unequivocally instructed. That's not even really a legal term. That's a lay term. It means without doubt, I think. The issue was, I mean, I think in terms of Miles, that the Supreme Court of Virginia had previously said these are different issues. And when he comes up to the Supreme Court, he says that he unequivocally instructed his attorney to file a notice of appeal. That's the issue that was presented in the state court. And why is that appropriate to resolve on the pleadings as opposed to an evidentiary hearing? Because the state court granted him the most favorable construction of the facts. He was, as is required both in this court, I say this court, in federal court and state court, you have to plead specific facts. He gave his rendition of what the facts were. You have to go beyond notice. And you have to provide a verified pleading. The trial court said that his own affidavit indicates that he merely asked counsel, is there anything else we can do from this point? Correct. And the court, I'm sorry, not there. So why isn't that enough? Even if you reject the direct duty to file an appeal, why doesn't the light bulb go off there and say, well, wait a minute, we've got a failure to consult claim? Because I think he had other pleadings in the record where he said he asked, instructed, particularly when you get to the Supreme Court of Virginia, I told him to appeal. It was an unequivocal request. That's what was before the state court, Your Honor. Let me be very blunt. I'm not saying this couldn't have been handled better. Probably in the state court, abundance of caution, do we file a pleading and try to address that perhaps? Abundance of caution and fairness too. I mean, why not just do it and just see what's there and then just dismiss it? Or if he's entitled to it, let him have an appeal. Again, we were responding to the- Simply in the light of a lawyer who's, this is not, and I understand the evidentiary matters haven't come up yet, but if it comes up, this is not the kind of way we lawyers want to be viewed. I mean, that's something wrong there in terms of what's going on here where you just avoid a client like this who has a significant sentence. And he asked immediately after, I guess he's in shock, is anything going to be done? Nothing gets done. And then, so he makes this attempt to do something in the court system and we hold him to strict pleading requirements where he's got a lawyer who, if we just hold a little evidentiary hearing, we might find out something we might not. If I could address the duty to consult claim here, and I'm sorry, I don't mean to give short shrift to the default issue. I think I've beaten that to death in the brief in terms of what's there in the record, what's not there in the record. I'll be happy to answer any more questions the court might have. But again, I maintain that what was presented in state court was inadequate to raise the duty to consult claim. And due to concerns of comedy, that should carry the day here. Inadequate from the perspective that even if the court could see that it's there, the court is bound just to look at what is in front of it and cannot expand and say, wait a minute, I see something here. You're saying only because specifically it wasn't raised. Therefore, it's not before, forget it. If you're asking me if the court can do it, absolutely. If you're asking me if it has to do it, particularly in light of- I was probably asking should. My answer to is, was the state court required to go that direction? I think the answer is no, Your Honor, respectfully. I do believe that the court went as far as it had to by addressing the express request. Again, that's only heightened by what was raised in the Supreme Court of Virginia. The duty to consult claim, again, I would say that we do require people to plead specific facts. The courts, the U.S. Supreme Court said this in a case called Johnson that we've never said that you get a pass just because your pros say. I think a number of federal courts, I pulled some citations, I could give you some of those, but have said that you're not relieved from the fact-based requirements that you have to go beyond notice pleading merely because you're a pro se litigant. You don't get relief from that. You've got to plead specific facts. The U.S. Supreme Court even talked about the fact that it's not notice pleading in Mayo versus Felix. And I think if you look at a number of courts, they talk about the fact that you have to plead specific facts. And I think, again, viewed in the light, the deferential light that you have to, this was presented both via the pleadings that didn't incorporate the affidavits as an express request claim and then the affidavit itself didn't support it. But turning very briefly, if I could, to the merits of a duty to consult claim, the Supreme Court has said, and, of course, this court, I believe, said in Cooper that there is not a per se requirement that you consult. There are a number of factors to consider. This gentleman was told he may waive his rights to appeal. I know from having done state criminal work, a lot of times that's the nomenclature our because there are some jurisdictional issues and things. But in any event, that was there. It was an agreed disposition. The question of what he reasonably demonstrated, I agree that in the first instance you look at what he's subjectively saying, but certainly how an objective lawyer would have heard that plays into the mix, too. This is a guy that wants to fix his sentence. He's not fixated on, I need to do it by direct appeal. We do have another avenue in Virginia, Motions for Reconsideration, which my colleague- That's why he asked, is there anything I can do? Correct. He's not fixated on appeal. He's trying to find anything. He wants someone to tell him, is there anything I can do? His focus was on whether there was something viable or not, not whether he could appeal. So I think objectively heard, and I pointed out all the jurisprudence in Virginia as to why this was a non-starter under Virginia law. His best hope, and my colleague pointed out that this really was somewhat lessened in this case, his best hope would have been a Motion for Reconsideration, which I'm not suggesting that the trial judge would have been receptive. We all know the comments the trial judge made about this defendant. The problem with that, of course, and counsel correctly pointed this out, is that the plea agreement actually worked into it language that said you waived your right to do even that unless the Commonwealth concurred, and so on and so forth. But I have no reason to think there's any more than a 0% chance that an appeal would have been successful. At least... That's not the issue. That's not what's before us, and you may be exactly right. At the end of the day, he's going to end up with everything he's got. But if we're into the question of the duty of consult, the floor is to take a case, that duty is just there. And that's what an appeal is about. A lot of these cases come up here. We probably could say from the beginning, no, you don't get much of a chance. But that's not the purpose of an appeal. Part of what you consider, Your Honor, I'm running really short on time, but I'll try to sum up. Part of what you consider in the mix on a duty to consult claim is, are there non-frivolous issues? So that is part of the mix. It is not part of the mix on a specific request claim. You consider that. You consider whether it was guilty plea and whether there was consideration. I would suggest to you, and I've laid this out on the brief, the consideration here was substantial. I do beg to differ with my colleague, and I think if you read the cases particularly, it's kind of a collecting cases type of case, particularly the Alaska cases, but even this court's own cases. His suggestion that if this gentleman had appealed, that it wouldn't have waived, essentially that the Commonwealth could renege on the plea agreement, that's a pretty broad-based proposition of law, not limited to if there's expressed language in the plea agreement, that that would be a waiver. And I point you, and I'm sorry, I've run out of time, but the cases that I've cited certainly say even absent an express waiver, that if this thing got remanded, that the Commonwealth could put the original charges back on the table, and that's a substantial consideration here as well. I'd ask the court to affirm the judgment. All right, Mr. Ford. And I apologize, I took a few seconds over. Your Honors, I'd like to address a few of the points raised by the Commonwealth in its responsive argument. I think the first issue and the one that the court spent the most time on today is the Commonwealth describes a couple of standards for what it deems is appropriate exhaustion. It mentions what the Supreme Court of Virginia saw in its assignments of error, and it mentions whether or not the court treats the issues as interchangeable ones, as it does in the double jeopardy sufficiency context. But neither of those, of course, are the standards that this court has articulated in Jones, which is the operative case on point. In Jones, this court talked about whether or not the operative facts and the controlling legal principles were presented, even in the argument section of the petition for appeal, not necessarily the assignments of error. In the argument section of the petition for appeal, Mr. Gordon indicates that trial counsel failed to file an appeal. He doesn't reference the request for an appeal until later when he says, Gordon asked, is there anything else we can do from this point? The intent is there because Gordon conveyed his wishes he wanted to appeal. The record is unclear because Gordon wrote to counsel also and conveyed his wishes once again that he wanted to appeal. Mr. Gordon has unquestionably presented to the highest court of the Commonwealth both the duty to consult and a direct request claim, and under the standards that this court has articulated for that issue, there is no doubt that the Commonwealth should have been on notice as to both of those claims. Later on, Gordon cites both Miles as well as Poindexter, which is a case in which this court considered a direct request claim but discussed at length the constitutional duty to consult. There is simply no merit to the Commonwealth's contention that by saying, I request an appeal, Mr. Gordon categorically disavowed any duty to consult. They arose at different chronological points in Mr. Gordon's interaction with his trial attorney and frankly, it's entirely consistent for this court to say if it so chooses that Mr. Gordon didn't request an appeal, but nevertheless, counsel was under a duty to consult with Mr. Gordon to make an appeal. I think the second issue that counsel for the Commonwealth discussed is whether or not and what issues this court should consider when evaluating whether or not there was a duty to consult and whether or not Mr. Gordon was prejudiced. The Commonwealth discusses at length the problems that would arise would Mr. Gordon try to perfect an appeal. For example, it might be a waiver of his plea agreement. Of course, his plea agreement doesn't say anything about waiver of appellate rights, which I think is a consideration that the court should make in evaluating whether or not it would be a waiver. But in any event, that's not dispositive of this issue. The issue is whether or not Mr. Gordon, as a subjective matter, expressed an interest in appealing. The Supreme Court and this court's cases to have considered the issue have all said that when a criminal defendant expresses an interest in appealing, that is sufficient in and of itself, full stop, to trigger the duty to consult. It's uncontested in this case that counsel for Mr. Gordon failed to consult in any meaningful sense beyond shaking his head no when Mr. Gordon asked whether there's anything else that could be done. And at that point, Mr. Gordon has entitled or has shown prejudice by doggedly pursuing his appellate rights and by persistently arguing in the habeas context that he should be entitled to a delayed appeal. Whether there are consequences from that decision, whether or not that decision has benefits for Mr. Gordon, that's an issue that his trial attorney should have raised with him at the point in which Mr. Gordon expressed an interest in appeal. And for the Commonwealth to now sort of a priori suggest that those issues are meritless or that Mr. Gordon might have turned the issue down really presupposes that an issue that his trial counsel should have raised with him at the time. I think one of the final things I'll say in this, Your Honor, is that counsel for the Commonwealth acknowledged that perhaps things could have been handled better at earlier stages of this proceeding. This is, in my view, an understatement. But in any event, that's something that this court has the authority as a constitutional matter to correct. Mr. Gordon is entitled to his day in court on his appeal, and he was deprived of it as a result of the actions of his trial attorney. Just one last thing I'd ask, Your Honors, should the court remand this issue for a factual determination on the direct request issue, we would just ask that the district court be instructed should it find against Mr. Gordon on those facts to nevertheless consider in the first instance the duty to consult claim. Thank you. Thank you, Mr. Gordon. You were court appointed? Yes, sir. I want to acknowledge your service to the court, of course, it's very important. Do I understand you were a law clerk to Judge Agee? That's correct, Judge Ameyer. Why didn't you get him on the panel? I wanted some chance of success, Your Honor. Thank you for your service. We'll come down and greet counsel and take a short recess. This Honorable Court will take a brief recess.
judges: Paul V. Niemeyer, James A. Wynn, Jr., Albert Diaz